**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                                     )
LEILANI HASKELL, as Personal              )
Representative of BRUCE DEMORANVILLE     )
and LEILANI HASKELL, Individually,       )
                                                                     )   Civil Action No. 1:17-cv-11288-LTS
        Plaintiff,                                    )
                                                                     )
v.                                                                )
                                                                     )
SANTANDER BANK, N.A.,                        )
                                                                     )
        Defendant.                                  )
_____)

### SANTANDER BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Santander Bank, N.A. ("Santander"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Memorandum of Law in Support of its Motion to Dismiss the Complaint filed by Plaintiff Leilani Haskell, as Personal Representative of Bruce DeMoranville and Leilani Haskell, Individually (the "Plaintiff").

### BACKGROUND

On April 30, 2015, Bruce E. DeMoranville (the "Mr. DeMoranville"), granted a mortgage ("Mortgage") on real property located at 10 Martha's Way, Centerville, Massachusetts (the "Property") as security for a Note in the original principal amount of $289,605.00.[1] *See* Complaint ¶¶ 5-6. On May 5, 2015, the Mortgage was recorded in the Barnstable County Registry of Deeds at Book 28845, Page 197. *Id.* ¶ 6. On December 13, 2015, Mr. DeMoranville died and the Plaintiff was appointed as the Personal Representative to the Estate of Mr. DeMoranville (the "Estate") on December 9, 2016,. *Id.* ¶¶ 7-8. Plaintiff alleges that she is an

---

[1]     Santander accepts as true the allegations contained in Plaintiff's Complaint solely for the purpose of this motion.

heir to the Estate with an ownership interest in the Property. *Id.* ¶ 9. Plaintiff does not reside at the Property but, rather, resides at 625 Indian Creek Road, Happy Camp, California. *Id.* ¶ 1.

At the time of Mr. DeMoranville's death, Plaintiff's sister, Nicole DeMoranville ("Nicole") was residing in the Property. *See* Affidavit of Leilani Haskell, attaching June 10, 2017 letter from M. Kelleher, attached hereto as Exhibit A.[2][3] Shortly after Mr. DeMoranville's death, Nicole vacated the Property and leased the Property to tenants. *Id.* Nicole misrepresented to Plaintiff that she was making Mortgage payments. *Id.*

After her December 9, 2016 appointment as Personal Representative of the Estate, Plaintiff discovered that Nicole had rented the Property to tenants and that the Mortgage was in default. *Id.* Plaintiff subsequently contacted Santander to explore a loan assumption and loan modification of Mr. DeMoranville's loan with Santander. Plaintiff claims that Santander informed her that they would work with her to modify the loan, and that no foreclosure proceeding would occur until at least February of 2018. *See* Complaint ¶ 12. Plaintiff then submitted paperwork to Santander, which Santander claimed it did not receive, and Santander then informed Plaintiff that the application for a loan modification was incomplete. *Id.* ¶ 13. On January 18, 2017 and again on February 2, 2017, Santander wrote Plaintiff confirming that it had received her application for a loan modification ("Application") and requested additional documents in order to process her Application. *See* January 18, 2017 and February 2, 2017 letters, attached hereto as Exhibit B.[4] On March 7, 2017, after Santander confirmed with

---

[2]   Plaintiff's Affidavit was filed with the Barnstable Superior Court in support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. *See* Docket No. 8 – State Court Record.

[3]   In reviewing a motion to dismiss under Rule 12(b)(6), a district court may consider the complaint, annexed exhibits, documents referenced but not attached to the complaint, and matters subject to judicial notice, such as public records and other court filings. *See Rodi v. Southern New Eng. Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004).

[4]   Santander properly attaches the January 18, 2017 and February 2, 2017 letters without converting the instant motion to dismiss into a motion for summary judgment because Plaintiff pleads in her Complaint that

Plaintiff that her Application was complete, Santander informed Plaintiff that Santander was unable to approve her Application because, based on the investor's guidelines, a modification would not reduce the current principal and interest portion of the mortgage payment to make the monthly payment affordable. *See* March 1, 2017 and March 7, 2017 letters, attached hereto as Exhibit C.[5]

On June 15, 2017, in response to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the Barnstable Superior Court entered an Order enjoining Santander from foreclosing on the Property until August 15, 2017. *See* Docket Entry 8 (State Court Record). To date, Santander has not foreclosed on the Property.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hochendoner v. Genzyme Corp.,* 2015 WL 1333271, at *3 (D. Mass. Jan. 2015) (J. Woodlock) (citing *Ashcroft v.Iqbal,* 556 U.S. 662,678 (2009)). The court first should "identify [] and disregard [] statements in the complaint that merely offer 'legal conclusion[s] couched as ... fact' or '[t]hreadbare recitals of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Then, a court should look at the remaining factual allegations in the complaint "to evaluate whether, taken as a whole, they state a facially plausible legal claim." *Id.*

---

Santander requested additional documents from Plaintiff to consider her Application. "A court may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." *In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d 34, 38 (D. Mass. 2006); *Swack v. Credit Suisse First Boston*, 383 F. Supp. 2d 223, 232, n. 9 (D. Mass. 2004).

[5]  Santander properly attaches the March 7, 2017 letter without converting the instant motion to dismiss into a motion for summary judgment because Plaintiff's Complaint specifically references her communication with Santander concerning her Application. "A court may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." *In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d at 38; *Swack*, 383 F. Supp. 2d at 232, n. 9.

"Naked assertion[s]' devoid of 'further factual enhancement" do not constitute adequate pleading." *Coyne* v. *Metabolix, Inc.,* 943 F. Supp. 2d 259,265 (D. Mass. 2013) (J. Woodlock) (citing *Twombly,* 550 U.S. at 557).  Additionally, "'conclusory allegations' and bare assertions... amount[ing] to nothing more than a 'formulaic recitation of the elements' are not entitled to the presumption of truth." *Coyne,* 943 F. Supp. 2d at 265 (citing *Ashcroft v. Iqbal,* 556 U.S. 662,678 (2009)). "Unless the alleged facts push a claim 'across the line from conceivable to plausible,' the complaint is subject to dismissal." *Coyne,* 943 F. Supp. 2d at 265 (citing *Iqbal,* 556 U.S. at 678).

"Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Hochendoner,* 2015 WL 133327, at *3.

## **ARGUMENT**

I.  **PLAINTIFF'S CLAIM OF ATTEMPTED WRONGFUL FORECLOSE MUST BE DISMISSED BECAUSE SANTANDER NEVER FORECLOSED ON THE PROPERTY**

In Count I of the Complaint, Plaintiff alleges that Santander attempted to foreclose on the Property in bad faith claiming that Santander failed to comply with its promise not to foreclose on the Property while it considered Plaintiff for a loan modification.  *See* Complaint ¶¶ 28-32. Plaintiff's claim must be dismissed, however, because (i) Plaintiff's claim is premature given that Santander never foreclosed on the Property, and (ii) Plaintiff's claims are not supported by Massachusetts foreclosure law.

To date, Santander has not foreclosed on the Property.  Indeed, before this matter was removed to the District of Massachusetts, the Barnstable Superior Court entered an Order enjoining Santander from foreclosing on the Property until August 15, 2017.  *See* Docket Entry 8

(State Court Record).  Notably, to date, Santander has not foreclosed on the Property and has not rescheduled the foreclose sale.  Plaintiff's claim for wrongful foreclosure, therefore, must be dismissed as premature.

Additionally, Plaintiff's claim of "attempted" wrongful foreclosure must be dismissed because considering Plaintiff for a loan assumption and modification was not required of Santander before it could foreclose.  Indeed, G.L. c. 244, § 35B does not apply to Plaintiff because the Property was a rental property and not her primary residence.  Section 35B(b) provides that "[a] creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure."  Moreover, a "certain mortgage loan" under § 35B is "a loan to a natural person made primarily for personal, family or household purposes secured wholly or partially by a mortgage on an owner-occupied residential property."  G.L. c. 244, § 35B(a).  A creditor is defined as "a person or entity that holds or controls, partially, wholly, indirectly, directly or in a nominee capacity, a mortgage loan securing an owner-occupied residential property."  *Id.*  Finally, a "mortgage loan" is defined as "a loan to a natural person made primarily for personal, family or household purposes secured wholly or partially by a mortgage on residential property."  *Id.*  The Complaint specifically alleges that while the Property at issue is located in Centerville, Massachusetts, the Plaintiff, who now has an ownership interest, resides in Happy Camp, California.  *See* Complaint ¶¶ 1, 9.  Moreover, at the time that Plaintiff was appointed as the Personal Representative of the Estate, the Property was used as rental property instead of as Plaintiff's primary residential property.  *See* Exhibit A.  Thus, because the Property was never Plaintiff's "owner-occupied residential property," Plaintiff's claim that Santander breached § 35B is meritless.  *See* G.L. c. 244, § 35B(a).

Finally, Plaintiff pleads that "[o]n belief, Santander never sent notice of foreclosure to the Plaintiff at her address in California."  Complaint ¶ 15.  Pursuant to the Massachusetts Land Court, the following occurred:

- On September 30, 2016, Santander filed a Complaint under the Servicemembers Civil Relief Act ("Land Court Complaint") which named Plaintiff as an heir.
- On October 5, 2016, the Land Court issued an Order of Notice for Publication.
- On November 16, 2016, the Return on Order of Notice and Affidavit as to Military Service were filed with the Land Court.
- On November 16, 2016, Santander filed a Motion for Judgment which the Land Court subsequently entered on April 21, 2017.

*See Santander Bank, N.A. v. DeMoranville (Heirs, etc.), Bruce, et al.*, Civil Action. No. 16-SM-009517.  Notably, Santander's filing and service of the Land Court Complaint occurred before Plaintiff was appointed as Personal Representative of the Estate.

Furthermore, Plaintiff lacked standing to appear in the Land Court proceedings.  The Massachusetts Soldiers' and Sailors' Civil Relief Act ("SCRA") "provides a procedural framework for ascertaining whether mortgagors are entitled to protections under the SCRA." *HSBC Bank USA, N.A. v. Matt*, 464 Mass. 193, 194 (2013).  The Massachusetts SCRA makes it clear that only those defendants who are entitled to the protection of the SCRA, or those acting on their behalf, are entitled to appear and be heard in the Land Court proceeding.  *Id.* at 198.  Plaintiff does not plead that she is entitled to the protection of the SCRA and, thus, Plaintiff lacked standing to appear in the Land Court proceeding.  In follows, therefore, that even if Plaintiff was unaware of the Land Court Complaint, any claim she may raise is meritless as she lacked standing to appear in the Land Court proceedings.

## II. PLAINTIFF'S CLAIM OF BREACH OF CONTRACT MUST BE DISMISSED

In Count II of Plaintiff's Complaint, Plaintiff alleges that Santander "made agreements with the decedent regarding a loan and mortgage" and that Santander breached these "agreements". *See* Complaint ¶¶ 36-40. Plaintiff, however, fails to identify the specific "agreements" Santander allegedly breached and, further, fails to identify how Santander breached the "agreements". Count II, therefore, should be dismissed because it fails to identify the specific contract that Santander purportedly breached. *See* Fed. R. Civ. 12(b)(6).

Even assuming, *arguendo*, that Santander breached an agreement concerning her efforts to assume and modify the loan, Plaintiff does not assert that the terms of the Mortgage included a provision for loan modification. Therefore, Plaintiff has no existing contractual right to a loan modification. *Federal Nat. Home Mortgage Assocs. v. Tong,* 60 Mass.App.Ct. 1105 *2 (2003). To the extent that Plaintiff is arguing that a new oral contract was formed between the parties, her argument fails. In order to show a breach of contract, a plaintiff must demonstrate that the parties had a contract supported by valid consideration that the defendant breached, causing damage to the plaintiff. *City of Revere v. Boston/Logan Airport Assoc., LLC.,* 443 F.Sup.2d 121, 126 (D. Mass. 2006). At most, Plaintiff alleges that Santander *implicitly* agreed to *consider* Plaintiff for a loan modification. "[To] create an enforceable contract, there must be an agreement between the parties on the material terms of the contract, and the parties must have a present intention to be bound by that agreement." *Situation Mgmt. Sys. v. Malouf, Inc.,* 430 Mass. 875, 878 (2000). It is clear that, at most, this was an "agreement to agree" that did not rise to the level of an enforceable contractual obligation and was merely a negotiation with Plaintiff. *Tong,* 60 Mass.App.Ct. 1105 *2.

Therefore, Plaintiff has failed to state a claim for breach of contract with respect to any promises that Santander may have made regarding a loan modification. Dismissal of Count II of the Complaint is warranted.

### III.  PLAINTIFF'S CLAIM FOR FRAUDULENT MISREPRESENTATION MUST BE DISMISSED

Despite the requirements of Fed. R. Civ. P. 9, Plaintiff has failed to identify with any particularity the alleged false statements underlying her misrepresentation and fraud claim against Santander. "Mere allegations of fraud, … averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985). "At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place. In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm." *Equipment & Sys. for Industry, Inc. v. Northmeadows Constr. Co., Inc.*, 59 Mass. App. Ct. 931, 931-32 (2003) (citing *Friedman v. Jablonski*, 371 Mass. 482, 488-89 (1976)). This "heightened" pleading requirement for allegations of fraud is designed to "protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228-29 (1st Cir. 1980).

Thus, to assert a valid claim for fraudulent misrepresentation, Plaintiff needs to plead:

- The specific misrepresentations allegedly made by Santander to Plaintiff;
- All of the participants in or witnesses to the communications;
- The period within which these misrepresentations were made;
- Santander's putative knowledge of the falsity of these statements;

8

- The alleged materiality of the misrepresentation; and
- Plaintiff's reliance upon these misrepresentations and the harm resulting from the detrimental reliance.

Plaintiff fails to sufficiently plead facts to satisfy her claim of fraudulent misrepresentation. Although Plaintiff pleads that Santander represented that "no foreclosure proceeding would occur until at least February 2018" (Complaint ¶ 12), Plaintiff fails to identify the person making the representation, the specific contents of the representation made, the date the representation was made, or where the representation was made. Rather, Plaintiff makes conclusory allegations of fraudulent misrepresentation but fails to identify any particular person who made any fraudulent statements. Plaintiff also fails to specify the materiality of any alleged misrepresentations or how Plaintiff may have relied upon the statement to her detriment. *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) (In addition to specifications of time, place and the content of alleged misrepresentations, plaintiffs are required to plead a factual basis that would make it reasonable to determine that a statement was materially false or misleading). Significantly, not only does Plaintiff fail to plead that she has been harmed by Santander's alleged fraudulent misrepresentation, but, in fact, she has suffered no harm because Santander never conducted the foreclosure sale.

Plaintiff's failure to make these critical factual allegations is no mere oversight. As such, Count III of Plaintiff's Complaint should be dismissed.

## IV. PLAINTIFF'S CLAIM OF NEGLIGENT MISREPRESENTATION MUST BE DISMISSED

Plaintiff alleges in Count IV of the Complaint that Santander "negligently misrepresented material facts concerning possible refinancing of the property and the earliest date a foreclosure sale would occur." Complaint ¶ 50.

9

In general, to establish the elements of a negligent misrepresentation claim under Massachusetts law, a party must show that the defendant "(1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information." *Braunstein v. McCabe,* 571 F.3d 108, 126 (1st Cir.2009) (quoting *Gossels v. Fleet Nat'l Bank,* 453 Mass. 366, 902 N.E.2d 370, 371-72 (2009)).

Apart from pleading that Santander represented that "no foreclosure proceeding would occur until at least February 2018," Plaintiff fails to plead any facts that would support her claim that Santander "negligently misrepresented material facts concerning possible refinancing of the property." Complaint ¶¶ 12, 50. Notably, even if we accept Plaintiff's claim that Santander represented to her that a foreclosure sale would not occur until February 2018, Plaintiff does not plead how this claimed misrepresentation caused her pecuniary loss or that she justifiably relied on this representation. *Braunstein,* 571 F.3d at 126. Indeed, the only claimed pecuniary loss referenced in the Complaint concerned the potential loss that Plaintiff would incur had the foreclosure sale been held. *See* Complaint ¶¶ 16, 22-23; *see also* <u>Exhibit A</u> (Ex. B to Plaintiff's Affidavit) ¶¶ 11, 17-18. However, as the record reflects, Santander never foreclosed on the Property and, as a result, Plaintiff has not incurred any pecuniary loss. *See* Docket Entry 8. Moreover, Plaintiff did not justifiably rely on Santander's representation concerning the foreclosure sale date as Plaintiff's intent all along was to evict the tenants in the Property and market it for sale because the Property "is located in a highly describable area and is thus very valuable." *See* <u>Exhibit A</u> (Ex. B. to Plaintiff's Affidavit).

Therefore, because Plaintiff has failed to state a claim for negligent misrepresentation upon which relief can be granted, Count IV of Plaintiff's Complaint must be dismissed.

## V. PLAINTIFF'S CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED

Count V of Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Every contract implies good faith and fair dealing between the parties to it. The covenant of good faith and fair dealing requires that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to its fruits of the contract." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank,* 456 Mass. 562, 569–70 (2010) (quoting *Anthony's Pier Four, Inc. v. HBC Assocs.,* 411 Mass. 451, 471 (1991)). In order to prevail on this claim, a plaintiff must show that defendant "acted with ... dishonest purpose or conscious wrongdoing necessary for a finding of bad faith or unfair dealing." *Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A.,* 94 F.3d 721, 730 (1st Cir.1996). Courts must consider whether "the challenged conduct conformed to the parties' reasonable understanding of performance obligation, as reflected in the overall spirit of the bargain," when analyzing such claims. *Speakman v. Allmerica Financial Life Ins.,* 367 F.Supp.2d 122, 132 (D. Mass. 2005). The implied covenant does not create rights or duties not otherwise provided for in the existing contractual relationship. *See Ayash v. Dana–Farber Cancer Inst.,* 443 Mass. 367 (2005); *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.,* 441 Mass. 376, 385 (2004).

As in Count II (Breach of Contract) of Plaintiff's Complaint, Plaintiff fails to identify the specific contract that forms the basis of Count V. For this reason, Count V must be dismissed. Moreover, Plaintiff fails to plead how Santander's acts destroyed or injured her rights under any contract, and Plaintiff fails to plead that Santander "acted with ... dishonest purpose or conscious

wrongdoing necessary for a finding of bad faith or unfair dealing." *Schultz,* 94 F.3d at 730; *T.W. Nickerson, Inc.,* 456 Mass. at 569-70.  That Santander, while considering Plaintiff for a loan assumption and modification, represented that a foreclosure sale would not occur until February 2018, or informed Plaintiff that added documents were required to review her Application, does not rise to the level of a breach of the covenant of good faith and fair dealing.  *Id.*  Even if this conduct is accepted as true, it did not create a contract between Plaintiff and Santander, *see supra*, nor does it plead that Santander acted with a dishonest purpose or conscious wrongdoing.  *Schultz*, 94 F.3d at 730.

Count V of Plaintiff's Complaint, much like every other cause of action, simply makes "'conclusory allegations' and bare assertions... amount[ing] to nothing more than a 'formulaic recitation of the elements' are not entitled to the presumption of truth."  *Coyne,* 943 F. Supp. 2d at 265.  Accordingly, Count V of Plaintiff's Complaint must be dismissed.

VI.  **PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED**

In Count VI of the Complaint, Plaintiff merely pleads that Santander "has been or may be unjustly enriched" and that Plaintiff has "suffered damages and harm for which Santander is liable"  Complaint ¶¶ 60-61.  Other than these conclusory allegations, Plaintiff fails to identify how Santander was unjustly enriched or what damages and harm she allegedly suffered.  As such, her claim for unjust enrichment must be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

In Massachusetts, a claim for unjust enrichment does not require consideration, but there must be "unjust enrichment of one party and unjust detriment to another party."  *Mass. Eye & Ear Infirm. v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009) (quoting *I, Mass. Eye & Ear Infirm. v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 234 n. 7 (1st Cir. 2005)); *see also* 26

Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 68:5 (4th ed.1993) (establishing that unjust enrichment requires: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value); *Stevens v. Thacker,* 550 F.Supp.2d 161, 165 (D. Mass. 2008).

Plaintiff does not plead that she conferred a benefit upon Santander, that Santander had an appreciation or knowledge of the purported benefit, and that Santander accepted or retained any benefit. *Mass. Eye & Ear Infirm.*, 552 F.3d at 57. If Plaintiff included a claim of unjust enrichment in the Complaint in the event that Santander foreclosed on the Property, Count VI of the Complaint must be dismissed because the foreclosure sale never occurred.

Accordingly, because Plaintiff fails to plead a claim for unjust enrichment upon which relief can be granted, Count VI of Plaintiff's Complaint must be dismissed.

## VII.    PLAINTIFF'S CLAIM UNDER G.L. c. 93A MUST BE DISMISSED

In Count VII of Plaintiff's Complaint, she claims that Santander violated G.L. c. 93A "by willfully and knowingly engaging in unfair and deceptive business acts and practices." Complaint ¶ 64.

A prerequisite for filing suit under G.L. c. 93A is the sending of a demand letter thirty (30) days prior to suit. The demand must, at a minimum, describe with reasonable specificity the acts complained of, set forth the injury suffered, and give reasonable notice that a demand is being made under c. 93A. G.L. c. 93A, § 9. *See MacKenzie v. Auto Supermart, Inc.*, 1988 Mass. App. Div. 5, 7 (1988) ("[i]t is now well established that the demand letter listing the specific deceptive practices claimed is a prerequisite to suit and must be alleged and proved."). Although there is no precise test for determining when conduct crosses the line to become unfair or

deceptive for purposes of Chapter 93A, Massachusetts courts will consider whether conduct is deceptive if the act has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently than they otherwise would have acted. *See Aspinall v. Philip Morris Cos. Inc.*, 442 Mass. 381, 396-397 (2004); *Kattar v. Demoulas*, 433 Mass. 1, 13-14 (2000). Massachusetts courts, in considering whether a particular act or practice violates the unfairness prong of Chapter 93A: "look to (1) whether the practice ... is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." *Mass. Eye & Ear Infirm.*, 412 F.3d at 243 (quoting *PMP Assocs., Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 596 (1975)).

Plaintiff is required to allege that she sent Santander a demand letter. *Id.* The Complaint, however, does not allege that Plaintiff sent Santander the prerequisite demand letter and this omission alone is sufficient to warrant dismissal of Count VII. *See Ball v. Wal-Mart, Inc.*, 102 F. Supp. 2d 44, 54 (D. Mass 2000) ("neither the plaintiff's complaint nor the documents attached thereto mention any such notification); *see also Belkin v. Fox*, 2015 WL 3616094, *4 (D. Mass. 2015); *Foley v. Wells Fargo Bank, N.A.*, 2013 WL 6489976, *6 (D. Mass. 2013).

Further, the Complaint fails to allege that Santander engaged in "immoral, unethical, oppressive, or unscrupulous" conduct so as to trigger a claim under Chapter 93A. *Mass. Eye & Ear Infirm.*, 412 F.3d at 243 (quoting *PMP Assocs., Inc.,* 366 Mass. at 596). Rather, Plaintiff merely asserts that Santander's conduct was willful, unfair and deceptive, which constitutes "conclusory allegations and bare assertions...amount[ing] to nothing more than a formulaic

recitation of the elements." *Coyne,* 943 F. Supp. 2d at 265.  Plaintiff's allegations, without more, are insufficient to assert a claim under Chapter 93A and, accordingly, must be dismissed.  *Id.*

## CONCLUSION

WHEREFORE, Santander respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Compliant as to all counts with prejudice.

**PARKER IBRAHIM & BERG LLC**
*Attorneys for Defendant,*
Santander Bank, N.A.


*/s/ Jeffrey D. Adams*
Jeffrey D. Adams, Esq.
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 617.918.7600
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com

Date:  October 6, 2017

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Jeffrey D. Adams, hereby certify that, prior to filing the instant motion, I contacted counsel for the Plaintiff in order to confer in good faith to resolve or narrow the issues raised herein.

                                              */s/ Jeffrey D. Adams*
                                              Jeffrey D. Adams

## CERTIFICATE OF SERVICE

I, Jeffrey D. Adams, Esq., hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on October 6, 2017.

                                              */s/ Jeffrey D. Adams*
                                              Jeffrey D. Adams