UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEILANI HASKELL, as Personal Representative of BRUCE DEMORANVILLE, and LEILANI HASKELL, Individually, | ) ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil No. 17-11288-LTS |
| SANTANDER BANK, N.A., | ) ) ) |  |
| Defendant. | ) ) |  |

ORDER ON MOTION TO DISMISS (DOC. NO. 9)

April 10, 2018

SOROKIN, J.

Plaintiff Leilani Haskell filed a seven-count Complaint on behalf of herself and her late father's estate. Doc. No. 1-1 at 2-8 (June 12, 2017). The Complaint arises out of communications between Haskell and Defendant Santander Bank ("Santander") regarding a mortgage on a property in Barnstable, Massachusetts (the "property"), the estate's sole asset. Santander moves to dismiss all counts in the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Doc. No. 9, and Haskell opposed the motion, Doc. No. 11. For the reasons that follow, Santander's motion to dismiss is ALLOWED.

At a hearing on this motion on January 12, 2018, the Court allowed a motion by Haskell's counsel to withdraw as attorney in this case. Doc. No. 16. Haskell assented to the motion to withdraw and stated at that hearing that she intended to retain new counsel. At a second hearing on this motion on March 14, 2018, Haskell reported that she had been unable to

secure representation. Haskell may not represent the estate or any other party *pro se*. See Cohen v. Attorney Gen. of Massachusetts, 2011 WL 5008088, *7 (D. Mass. Oct. 18, 2011) (finding that 28 U.S.C. § 1654 did not permit administratrix of an estate to appear *pro se* on behalf of the estate, where estate had several beneficiaries and/or creditors); LR, D. Mass. 83.5.5(c) (providing that an estate may not appear *pro se* and that an individual administrator or executor may not appear on behalf of an entity unless such individual is also a duly-licensed attorney). Accordingly, at this stage, Haskell in her individual capacity is the only valid plaintiff, and the Court STRIKES Haskell in her representative capacity from this action.[1] In any event, the counts in the Complaint would fail to state a claim under Rule 12(b)(6) as brought by Haskell in her representative capacity for the same reasons that they fail as brought by Haskell individually, described below.

In Count I, Haskell claims that Santander attempted wrongfully to foreclose on the property. To the extent that the claim asserts that Defendant "proceeded with the foreclosure action of the Property in bad faith[,]" Doc. No. 1-1 ¶ 28, it is not ripe, as no foreclosure on the property has occurred. Count I also vaguely alleges attempted wrongful foreclosure insofar as Santander "failed to perform loan servicing functions consistent with its responsibilities to its customers" and "failed to honor its promise not to foreclosure [sic] while considering Plaintiffs' application for a loan modification." Id. ¶¶ 30-31. These allegations fail to state a claim. The Complaint outlines that Santander scheduled a foreclosure sale for June 16, 2017,[2] id. ¶ 20; that

---

[1] Haskell individually has standing to bring this action because, under Massachusetts law, "title to realty of a deceased intestate vests immediately in the heirs and no distribution is required." Russo v. Inzirillo, 360 Mass. 862 (1971). The parties' filings indicate that the decedent died without a will and that Haskell is an heir of the decedent, such that title to the property vested in her upon the decedent's death.

[2] The Complaint misstates the scheduled foreclosure date as June 16, 2016. Filings on this motion clarify that Santander had scheduled the foreclosure for June 16, 2017, and Santander

2

Haskell contacted Santander to prevent the foreclosure, id. ¶ 21; that Haskell sent a letter on June 11, 2017 demanding that Santander delay the foreclosure, id. ¶ 25; and that Santander acknowledged receipt of this letter, id. ¶ 26.  Notably, Haskell does not contest that Santander was entitled to foreclose upon the property as a matter of Massachusetts foreclosure law, such that a foreclosure or attempted foreclosure by itself would have been wrongful.  Further, because Santander has not foreclosed on the property, there has been no breach of any alleged promise not to foreclose on the property, and there is no cause of action for an attempted breach of an agreement.[3]  Accordingly, Count I is DISMISSED.

Count II alleges that Santander breached the loan and mortgage agreements.  This count fails to state a claim, as the Complaint contains no factual allegations plausibly establishing a breach of either of these agreements.  The Complaint is devoid of any identification whatsoever of a term of either agreement and any conduct breaching such term.  Thus, Count II is DISMISSED.

---

does not suggest otherwise.  See Doc. No. 11 at 4 ("Defendant proceeded with scheduling the foreclosure sale in June 2017 despite the promise not to foreclose and the terms and conditions of the pending modification application"); Doc. No. 8 at 14 (June 12, 2017 emergency motion for injunctive relief in state court noting June 16, 2017 foreclosure date).

[3] Count I raises several additional claims.  It notes that "Santander never sent notice of foreclosure to the Plaintiff at her address in California."  Id. ¶¶ 14-15.  The demand letter that Haskell sent to Santander on June 10, 2017, which the Complaint references, asserts that she failed to receive notice of proceedings under the Soldiers and Sailors Relief Act.  Doc. No. 10-1 at 9.  However, Haskell was appointed personal representative of the estate on December 9, 2016, only after the relevant land court proceedings had already occurred.  Doc. No. 1-1 ¶ 8.  Further, Count I alleges that Santander failed to take reasonable steps and to make a good faith effort to avoid foreclosure in violation of M.G.L. c. 244, § 35B.  Those statutory protections are inapplicable to the property at issue, which was not an "owner-occupied residential property" during the events in this dispute.  See Doc. No. 1-1 ¶ 15 (noting Haskell's residence in California at the time that foreclosure was scheduled); id. ¶ 19 (indicating the property's use as a rental property).

In Count III, Haskell alleges fraudulent misrepresentation arising from the allegations that Santander's employees told Haskell that they "would work with her on a loan modification and that no foreclosure proceeding would occur until at least February, 2018." Doc. No. 1-1 ¶ 12. Fed. R. Civ. P. 9(b) requires a plaintiff, even in a diversity action such as this one, to "state with particularity the circumstances constituting fraud[,]" N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009), including the "who, what, where, and when of the allegedly false or fraudulent representation[,]" Rodi v. S. New. Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004) (citations and internal quotation marks omitted). While Haskell points to statements "concerning possible refinancing of the property and the earliest date a foreclosure would occur[,]" Doc. 1-1 ¶ 42, her unsupported characterization of these communications as fraudulent does not meet the requirements of Rule 9(b). Further, the passing of February 2018 with no foreclosure on the property renders the claim moot. The Court therefore DISMISSES Count III.

Count IV asserts negligent misrepresentation arising out of the same alleged statements described in Count III. A claim for negligent misrepresentation requires plausible allegations of, *inter alia*, "justifiable reliance on the information," "pecuniary loss," and a "fail[ure] to exercise reasonable care or competence in […] communicating the information." DeWolfe v. Hingham Ctr., Ltd., 464 Mass. 795 (2013). None of these appear in the Complaint.[4] While a plaintiff need not prove her case in her complaint, the complaint must sketch the contours of the claims and provide fair notice to the defendant. Haskell does not describe any course of action undertaken in reliance on Santander's alleged pledge other than her own efforts to obtain the

---

[4] At the March 14, 2018 hearing on this motion, Haskell acknowledged that her only pecuniary harm to date has been the incurrence of attorney fees in bringing this action. The Court at that time explained that such fees cannot be recovered in this action absent an award of damages.

loan modification and to sell the property, both of which Haskell had hoped to achieve regardless of any promise by Santander. Doc. No. 11 at 4. Moreover, she does not indicate that Santander reneged on any alleged commitment or that Santander departed from reasonable care in making any representation to her. Count IV is therefore DISMISSED.

In Count V, Haskell alleges that Santander breached an implied covenant of good faith and fair dealing. In addition to failing to identify the specific contract in relation to which this alleged breach occurred, the Complaint entirely lacks any plausible allegation of unfair dealing or conduct undertaken in bad faith. Even assuming, without finding, that this claim relates to an enforceable oral agreement between Haskell and Santander, the Complaint does not sufficiently allege that Santander "acted with […] dishonest purpose or conscious wrongdoing," Schultz v. Rhode Island Hosp. Trust Nat. Bank, N.A., 94 F.3d 721 (1st Cir. 1996) (internal citations omitted), such as by refusing outright to work with Haskell on a loan modification or ignoring her efforts to forestall a foreclosure sale of the property. The Court DISMISSES Count V accordingly.

Count VI alleges that Santander "has been or may be unjustly enriched" through its alleged conduct. Doc. 1-1 ¶ 60. In Massachusetts, a claim for unjust enrichment requires three elements: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Mass. Eye & Ear Infirm. v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009) (internal citations omitted). Haskell has not plausibly alleged any benefit that she has given to Santander to date. Thus, this Count is also DISMISSED.

Finally, Haskell claims in Count VII that Santander engaged in unfair and deceptive business practices in violation of M.G.L. c. 93A ("Chapter 93A"). Under Massachusetts law, a particular act or practice violates Chapter 93A if (1) "it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness"; (2) "it is immoral, unethical, oppressive, or unscrupulous"; and (3) "it causes substantial injury to consumers (or competitors or other businessmen)." Mass. Eye & Ear Infirm. v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005) (internal citation omitted). Even if accepted as true, the facts alleged in the Complaint do not elevate Santander's conduct to an unfair or deceptive act under Chapter 93A. Count VII is also DISMISSED.

Accordingly, Santander's motion to dismiss (Doc. No. 9) is ALLOWED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge